Wilde J.
drew up the opinion of the Court. The exemption from attachment and'execution, claimed by the plaintiffs, depends on the statute of 1805, c. 100 ; and it is admitted that this claim cannot be sustained consistently with the construction put upon the first section, in the opinion delivered by the chief justice, in the case of Buckingham v. Billings. But it is contended that a more liberal and just interpretation of the statute is suggested in the case of Howard v. Williams, which is supposed by the plaintiffs’ counsel, to impugn the authority of the former case. This, however, was certainly not intended by the Court, nor can such an inference be fairly drawn, as we think, from any thing laid down in the case of Howard v. Williams. There was no difference of opinion in the former case ; *435 it was considered with deliberation, and all the Court concurred in the opinion as delivered by the chief justice. The case, it is true, depended on two points, either of which being decided for the defendant, was sufficient to justify the judgment in his favor; but both points were considered and decided ; and I am not aware that there was any greater difficulty in one than in" the other. I take it, therefore, to be decided in that case, that a printing apparatus is not exempted from attachment and execution as the tools of trade of a printer ; nothing is to be found impeaching that decision in the case of Howard v. Williams ; nor have we been led to doubt its correctness, after the able arguments of counsel in the present case.
The word tool is not understood, either in its, strict meaning or popular use, as designating complicated machinery which, in order to produce any useful effect, must be worked by combining several distinct parts or separate pieces, the aid of more hands than one being necessary to perform the operation ; all which is required in the use of a printing apparatus Nor can the several parts be denominated tools, as they cannot be used separately, but like the axe and its handle, must be united to accomplish any work. The press and forms may with as much propriety be denominated tools, as the types. All are the necessary component parts of the machinery for printing. Besides, types cannot be used as tools of trade by a printer after he is stripped of the other parts of his printing,apparatus, so that the exemption from attachment of the types alone would not enable him to pursue his trade and thereby to gain his subsistence, which was the object of the statute. Such a partial exemption would be as useless as the exemption of a single tool, or part of a tool only, among many other tools essentially necessary in a man’s trade or occupation. And we are clearly of opinion that the statute cannot be so construed as to allow any such partial exemption or protection. We are equally well satisfied that property so valuable as a complete printing apparatus, cannot be protected under the statute, the object and intention of which was, to make a humane, provision for the poor ; but not to enable a person in embarrassed or insolvent circumstances, to withhold a large "amount of property from the just claims of his creditors. Now it is well known *436 that a complete printing apparatus, including types sufficient to carry on a profitable business, may be exceedingly valuable, and the least valuable would no doubt cost a considerable sum. But if the statute protects this species of property, it will protect a new and very valuable apparatus, as well as one which is old and of less value. The most valuable, if necessary to carry on the debtor’s trade, would be protected, unless a superabundance of types were included, as was the case in Buckingham v. Billings. It is impossible to imagine that the legislature could have any reference to valuable property of this descrip- • tion, in a provision manifestly made for the relief and benefit of the poor. We have no doubt, therefore, of the construction of the statute as it was settled in the case of Buckingham v. Billings.[1]

Plaintiffs nonsuited.

 See Revised Stat. c. 97, § 22; Spooner v. Fletcher, 3 Vermont R. 133